```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  UNITED STATES OF AMERICA,
                                            MEMORANDUM & ORDER
                                            21-cr-398(EK)(MJ)

         -against-

  RONDELLE ESTERS,


-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Rondelle Esters pleaded guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), in December 2022.  Esters' sentencing is currently scheduled for January 12.  He has moved to dismiss this indictment, notwithstanding his plea.  ECF No. 98.

Esters argues that Section 922(g)(1) violates the Second Amendment, as interpreted in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).  *Id.*  In *Bruen*, the Supreme Court rejected the "means-end scrutiny" previously employed in assessing the constitutionality of gun regulations, requiring instead a showing that "a firearm regulation is consistent with this Nation's historical tradition."  597 U.S. at 17.[1]  In his briefing, Esters asserts that convicted felons

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

fall within the category of "people" protected by the Second Amendment, and that the criminalization of firearms possession in this demographic lacks the historical analogue necessary to withstand constitutional scrutiny.  ECF No. 98.

Before *Bruen*, the Second Circuit upheld Section 922(g) in the face of a Second Amendment challenge.  *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013) (per curiam).  No development since then has called *Bogle*'s holding into question, and the lion's share of authority suggests that it remains good law.  While *Bruen* did not address the felon-in-possession statute specifically, the Supreme Court previously described this country's "longstanding prohibitions on the possession of firearms by felons" as "presumptively lawful regulatory measures."  *District of Columbia v. Heller*, 554 U.S. 570, 626-27, n.26 (2008); *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2012) (reaffirming this presumption).  And rather than overrule these precedents, the Supreme Court in *Bruen* stated expressly that its opinion was "consistent with *Heller* and *McDonald*." *Bruen*, 597 U.S. at 10.  *See also id.* at 81 (Kavanaugh, J., concurring) (citing *Heller*, 554 U.S. at 626-27, n.26) ("Nothing in [the Court's] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.").

2

In arguing for a different outcome, Esters relies heavily on the recent Third Circuit case of *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023). *Range* found Section 922(g)(1) to be unconstitutional *as applied* to a defendant convicted of a non-violent, non-felony charge for making a false statement to obtain food stamps. *Id.* The opinion is not, of course, binding on this court, and the facts of *Range* are not commensurate with those here, given Esters' prior conviction for attempted robbery, which included the display of a firearm.

Moreover, a veritable parade of federal courts considering Section 922(g)(1)'s constitutionality post-*Bruen* have found it to be constitutional. *See, e.g. United States v. Sternquist*, No. 22-CR-473, 2023 WL 6066076 (E.D.N.Y. Sept. 15, 2023) (collecting cases); *United States v. Warren*, No. 22-CR-231, 2023 WL 5978029 (E.D.N.Y. Sept. 14, 2023) (same); *United States v. Meyer*, No. 22-CR-10012, 2023 WL 3318492, at *3 (S.D. Fla. May 9, 2023) (same); *United States v. Gleaves*, 654 F. Supp. 3d 646, 649 (M.D. Tenn. 2023) (noting that by February 2023, at least 95 district courts had found felon-in-possession laws constitutional post-*Bruen*). No court has held otherwise in a facial challenge.

For the foregoing reasons, the Defendant's motion is denied.

SO ORDERED.

```
                                        /s/ Eric Komitee
                                     ERIC KOMITEE
                                     United States District Judge


Dated:    January 10, 2024
          Brooklyn, New York
```